Lucero-Rocano v. Bondi

BIA
Reid, IJ
A240 476 703/704/705

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-six.

PRESENT:
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

KARINA ALEXANDRA LUCERO-
ROCANO, J. A. M.-L., K. Y. M.-L.,
> *Petitioners,*

v.                                                          **23-7982**
                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

_____

* The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR PETITIONERS:          Reuben S. Kerben, Esq., Kerben Law Firm, P.C., Kew Gardens, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Robert D. Tennyson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Karina Alexandra Lucero-Rocano and her two minor children, natives and citizens of Ecuador, seek review of a November 14, 2023 decision of the BIA affirming, without opinion, a June 5, 2023 decision of an Immigration Judge ("IJ") denying Lucero-Rocano's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Lucero-Rocano*, Nos. A 240 476 703/704/705 (B.I.A. Nov. 14, 2023), *aff'g* Nos. A 240 476 703/704/705 (Immig. Ct. N.Y. City June 5, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We principally refer to Lucero-Rocano because her children did not submit independent applications.

2

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

To prevail on a particular social group claim, an applicant must also establish that the group is cognizable, meaning that its members have "a common

immutable characteristic," is "defined with particularity," and is "socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (*quoting Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). Particularity requires that the group be "defined by characteristics that provide a clear benchmark for determining who falls within the group" and that membership not be "amorphous, overbroad, diffuse, or subjective." *Id*. (quotation marks omitted). Social distinction requires that "society as a whole views [the] group as socially distinct." *Id.*

Lucero-Rocano argues that she was persecuted by gang members after she refused to deliver drugs for them on account of her membership in two social groups: 1) Ecuadorian women viewed as property, and 2) women with imputed indigenous status. She also asserts a claim based on an imputed anti-gang political opinion. The agency did not err in rejecting these claims.

First, on this record, "Ecuadorian women viewed as property" is not cognizable because it is not defined with particularity or socially distinct. *See id.* at 195 (cognizability of a particular social group is a legal determination reviewed de novo). Lucero-Rocano did not present evidence showing that there is or was a consensus in Ecuador about how Ecuadorian women viewed as property are

4

distinguished from Ecuadorian women generally. Therefore, the proposed group lacks a "clear benchmark" for determining when a person is viewed as property.[2] *Id.* at 196. Given the lack of evidence and definition, Lucero-Rocano's proposed social group is impermissibly "amorphous" and too "subjective" to constitute a cognizable social group. *Id.* (citation omitted).

Second, though not properly raised before this Court, substantial evidence supports the agency's conclusion that Lucero-Rocano lacked membership in her proposed social group of indigenous women (or women with imputed indigenous

---

[2] Petitioners' brief quotes *Keisler v. Hong Yin Gao*, 552 U.S. 801 (2007), as stating that the particular social group definition is "broad enough to encompass groups whose main shared trait is a common one, such as gender, at least so long as the group shares a further characteristic that is identifiable to would-be persecutors and is immutable or fundamental." Petitioners' Br. at 11. That language is from *Hong Ying Gao v. Gonzales*, 440 F.3d 62, 64 (2d Cir. 2006), which *Keisler v. Hong Yin Gao* vacated. Counsel, Reuben Kerben, has made the same misstatement in at least one other case. *See Pulig v. Bondi*, No. 24-2359, Dkt. 25, at 10. We remind counsel that he has an obligation to accurately describe authorities. We also note that the brief contains conclusory arguments, *see, e.g.*, Petitioners' Br. at 11 (including section header, but no argument, regarding a proposed social group of indigenous women), and provides no record citations except to the agency's decisions and unrelated portions of his appellate brief to the BIA, *id*. at 6–14. Counsel is reminded that a brief must fully comply with Federal Rule of Appellate Procedure 28(a), which requires, among other things, that arguments be supported by "citations to the authorities and parts of the record on which the appellant relies." Briefing deficiencies may result in dismissal without consideration of the merits and in disciplinary proceedings.

5

status).

Third, as for her political opinion claim, Lucero-Rocano advances a cursory argument that her refusal to work for the gang gave the gang reason to impute an anti-gang political opinion to her. But such refusals are not, in themselves, an expression of political opinion. *See Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 200–01 (2d Cir. 2021) (explaining that "disapproving of things that have a negative impact on one's life or even one's country does not necessarily amount to a *political* opinion"). Lucero-Rocano does not identify how her opposition to the gang "took on a political dimension by transcending mere self-protection," or point to evidence suggesting that the gang perceived her conduct to do so and targeted her as a result. *Hernandez-Chacon v. Barr*, 948 F.3d 94, 104 (2d Cir. 2020).

Finally, even if Lucero-Rocano established membership in a cognizable social group or a protected political opinion, the record supports the agency's conclusion that the gang acted out of ordinary criminal motivations to recruit her to transport drugs. *See Quituizaca*, 52 F.4th at 114–16 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives).

6

Because a lack of nexus to a cognizable particular social group or any other protected ground is dispositive of asylum and withholding of removal, we do not reach the agency's additional findings as to those claims.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  Lucero-Rocano has abandoned her CAT claim by not addressing it in her brief.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7